Dear Representative Frith:
We are responding to your request for an opinion from this office dated October 8, 1996. You asked the following questions in your letter. Whether an insurance company that buys out another insurance company can purge policies of individuals who have major medical problems? Secondly, you asked whether an insurance company providing coverage to one spouse can refuse coverage to the other spouse? (These questions have been paraphrased.)
I have had the opportunity to speak with you and Judy Broussard, your Administrative Assistant, after receiving your letter. You advised that these questions were directed to address a specific situation that concerned Kayla and Audie Barron. You have sent me a copy of their policy, a brief statement of Mrs. Barron's condition and the name of a contact at the Department of Insurance where you made a similar inquiry. For your additional information, the Department of Insurance has responded to Mrs. Barron with the attached letter through an inquiry that Lt. Governor Kathleen Blanco made in her behalf.
These are the facts as I have researched them through the Department of Insurance and conclusions that I have drawn. First National Life Insurance Company was the Barrons' original insurance company. A second company, American Pioneer Life assumed the Medicare supplement insurance policies and the home health care insurance policies of First National Life, but not the entire business or corporate assets of First National Life. American Pioneer Life did not assume policies under major medical lines that included Mrs. Barron's policy. Accordingly, it would not appear that American Pioneer Life is in anyway responsible for Mrs. Barron's policy. Liability under the policy remains with First National Life Insurance Company.
In very general terms, when one insurance company buys the business of another insurance company, it maintains the same rights and obligations to the policy owners as the original company. The buyer is after all assuming a contractual obligation, the insurance policy. Accordingly, the purchasing company that is a successor under the policy will still be obligated under the policy just like the original company. Unfortunately that does not appear to be the situation with American Pioneer Life in the Barron's case.
First National Life does have an obligation. Clearly, the original insurer, First National Life, cannot cancel a policy until after the insured claimant has been discharged from treatment for the condition being treated and no further claims for that condition are expected. The Louisiana Insurance Code at LSA-R.S. 22:229.1 states the following:
 "No health and accident insurer may unilaterally cancel a policy of insurance except for nonpayment of premiums, increase the premium for such policy, or reduce the benefits provided by such insurance policy after receipt or notice of any covered claim. The insurer may cancel the policy, as otherwise provided by law, after the claimant has been discharged from treatment for that condition and no further claims for that condition are expected, provided there has been no other receipt or notice of claim under that policy. This Section shall not prohibit any group health and accident insurer from increasing its premium if the increase is applicable to all members of the group insurance plan." (Underlining added for emphasis)
It is my understanding that Mrs. Barron has a chronic condition in that she had a stroke, suffers from congestive heart failure and wears a pacemaker. First National Life is responsible for maintaining coverage to Mrs. Barron under LSA-R.S. 22:229.1 cited above.
It should also be noted that Mrs. Barron may or may not be covered under the Louisiana Insurance Code at LSA-R.S. 22:228, paragraph A. Coverage under this statute should not be important as the first statute cited, LSA-R.S. 22:229.1, should provide the needed protection without an in-depth analysis under LSA-R.S.22:228(A). However, for informational purposes LSA-R.S. 22:228(A) states the following:
 "No group, family group, or blanket health insurer shall unilaterally cancel a policy after the insurer has received any covered claim or notice of any covered claim for a terminal, incapacitating, or debilitating condition. The insurer may cancel the policy, as otherwise provided by law, after the claimant's terminal, incapacitating, or debilitating condition has concluded and no further claims for that condition are expected, provided there has been no other covered claim, or notice of claim, made by any member of the group for a terminal, incapacitating, or debilitating condition." (Underlining added for emphasis)
The Barrons have an individual policy that is by statutory definition a "family group." Under LSA-R.S. 22:215A.(2)(a) "family group health and accident insurance is an individual policy covering any one person, with or without any eligible members, including spouse and unmarried children . . ." Accordingly, this statute should also apply to the Barron's policy.
However, the statute's reference to a "terminal, incapacitating, or debilitating condition" is further defined in LSA-R.S. 22:228B by providing a long list of applicable conditions. The most applicable may be "chronic end stage cardiovascular or cerebral vascular disease." Again, it is my understanding that Mrs. Barron suffers from stroke and congestive heart failure and wears a pacemaker. Her condition may or may not qualify under this provision. However, qualifying under this provision does not appear to be significant as LSA-R.S. 22:229.1 (cited above) provides the needed protection anyway.
Unfortunately, First National Life is experiencing serious financial problems and was placed into rehabilitation on October 4, 1996 by the Alabama Circuit Court. Should the company be deemed insolvent and placed into liquidation, then most outstanding claims for Louisiana policy holders will become the responsibility of the Louisiana Life and Health Insurance Guaranty Fund.
I assume your second question is directed to whether the insurer can maintain coverage on Mr. Barron only and drop coverage on Mrs. Barron. The policy is a "family group" policy and the "insured person" by definition under the policy is the owner (Audie Dean Barron) and his spouse. It would appear for the insurer to drop coverage on Mrs. Barron would be a breach of the policy itself. Furthermore, the Barrons are both well under 65 and medicare coverage "kicking in" to affect the policy is not a factor. However, the problem of First National Life being placed into rehabilitation and possible liquidation remains for the Barrons regarding this aspect of coverage as well. Incidentally, I was only provided with one First National Life policy where Audie Dean Barron was the insured under policy number 63097. Pam Williams, of the Department of Insurance, was of the understanding that Mr. Barron had another policy from another insurer for himself and his two sons. Should other policies be involved the answer to this second question would vary.
I discussed Mrs. Barron's situation with Pamela Williams, Director of the Consumer Affairs Division of the Department of Insurance and she will be in contact with Mrs. Barron regarding filing a formal complaint with the Department of Insurance and pursuit of the claim through the rehabilitation proceeding. Mrs. Williams has also advised Mrs. Barron in the attached letter to apply to the "high risk pool" offered by the Louisiana Health Insurance Association.
We hope that we have been responsive to your inquiry.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ J. BRADLEY OVERTON Assistant Attorney General
Attachment
cc: Pam Williams Director, Consumer Affairs Div. Department of Insurance